UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | | |
|---|---|---|
| RSUI INDEMNITY COMPANY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Miscellaneous Case No._____ MC-20-6-D |
| | § | |
| NATIONAL RIFLE ASSOCIATION OF | § | |
| AMERICA, | § | |
| | § | |
| Respondent. | § | |

## NON-PARTY RSUI INDEMNITY COMPANY'S
## MOTION TO QUASH SUBPOENA

TO THE UNITED STATES DISTRICT COURT:

Non-Party RSUI Indemnity Company ("RSUI") files the following Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and respectfully shows:

## GROUNDS TO QUASH SUBPOENA

1.      The Court should quash the subpoena requiring RSUI to produce certain documents and information because:

    a.      The subpoena is invalid on its face;

    b.      The request to produce "documents" as defined by Attachment A to Subpoena is overbroad;

    c.      The documents requested are not relevant to the issues presented in this litigation;

d.     The documents requested include confidential and privileged information of RSUI's named insured, Ackerman McQueen, Inc. and its affiliates (collectively "AMc"), and RSUI;

e.     Should the Court where the relevant litigation is pending, the United States District Court for the Northern District of Texas, require production of a particular policy issued to AM, RSUI's assumption is that AM will produce the particular policy in the discovery process of this litigation.

## ARGUMENTS AND AUTHORITIES

2.     The lawsuit in which this subpoena was issued, *National Rifle Association of America v. Ackerman McQueen, Inc., et al.*, Civil Action No. 3:19-CV-02074-G, in the United States District Court for the Northern District of Texas, Dallas Division (the "NRA Lawsuit") arises out of a multi-district dispute between the National Rifle Association (the "NRA") and its longtime public-relations firm, AMc. During the discovery phase of that proceeding, the NRA issued a non-party subpoena on AMc's management liability insurer, RSUI. The subpoena is harassing and seeks information wholly irrelevant to the claims and defenses in the lawsuit. Because the Western District of Oklahoma is the court of compliance for the subpoena, RSUI requests this Court quash the subpoena and prohibit the NRA and its counsel from pursuing these abusive and harassing discovery tactics. The dispute between the NRA and AMc in no way involves RSUI, and, therefore the subpoena should not have been issued. The only document even remotely relevant to that dispute is the liability policy issued by RSUI for the applicable policy year, and the NRA can obtain a copy of the policy through discovery in the NRA Lawsuit.

3.     Rule 45(c)(2)(A) provides that a subpoena may command "production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." FED. R. CIV. P. 45(c)(2)(A). Under Rule 45(d)(3)(A)(ii), the Court *is required to quash* a subpoena that requires compliance beyond the limits specified in Rule 45(c). FED. R. CIV. P. 45(d)(3)(A)(ii).

4.     RSUI is an insurer organized and existing under the laws of the State of New Hampshire. RSUI has its principal place of business in Atlanta, Georgia. Accordingly, under Rule 45(d)(3)(A)(ii), this Court should quash the subpoena because it requires production of documents and other information more than 100 miles from where RSUI regularly transacts business.

5.     In addition to the subpoena being invalid on its face, there are other reasons that the Court should quash the subpoena. The subpoena requires the production of "[a]ll insurance policy documents" associated with a specific Private Company Management Liability Policy issued to AM, as well as "[a]ll insurance policy documents" associated with any Directors and Officers liability coverage issued by RSUI to AM. The subpoena defines "documents" as follows:

> 2.     The term "document" shall mean all records or writings of any sort and each term shall be construed in its broadest sense to include, but not be limited to, all original and nonidentical copies, whether by reason of marginalia or other notes or alterations, and all preliminary or subsequent drafts of the following items, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, correspondence, letters, telegrams, cables, telexes, memoranda, records, books, journals, summaries of records or papers, minutes, calendars, affidavits, recordings (video or audio), electronic mail, text messages, memoranda of telephone calls, conversations, telephone calls, meetings, contracts, notes, marginal comments appearing on or affixed

to any document, day timers, date books, messages, letters of credit, invoices, statements of account, financial statements, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or lien, loan agreements, projections, working papers, securities, ledgers, cancelled checks and bank drafts (front and back), check stub receipts, and other data, documents, papers, or writings of whatever description including, but not limited to, any code data or information which is electronically recorded or shared, contained in any computer, mobile device, or other information retrievable device or that otherwise can be obtained or translated through detection devices or other means into any reasonably useable or recordable format.

6.     The request to produce the documents enumerated above is undisputedly overbroad and seeks documents that are not relevant to any party's claim or defense in the NRA lawsuit and are not proportional to the needs of the case. Subpoenas to non-parties do not grant any broader right to information than allowed by the Federal Rules for discovery between parties to litigation. Rather, "considerations of both relevance and proportionality govern the subpoenas." *Ward v. Liberty Ins. Corp.*, No. CIV-15-1390-D, 2018 U.S. Dist. LEXIS 26710, at *3 (W.D. Okla. Feb. 20, 2018) (quashing the subpoena as unduly burdensome when it required the subpoenaed party to "turn over apparently every document related to its policies and procedures … regardless of the documents' relevance to Plaintiff's claims in this suit"). Accordingly, a subpoena must be relevant to a party's claim or defense and be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(1). The documents requested by the NRA have no bearing on resolution of the issues in the NRA lawsuit, and the burden and expense of the proposed discovery outweighs its likely benefit.

7.     "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need

of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *MetroPCS v. Thomas*, 327 F.R.D. 600, (N.D. Tex. 2018) (internal quotations omitted). The Court also may find an undue burden when the subpoena is facially overbroad, such as "where the subpoena's document requests seek all documents concerning [a party] to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *Id.* (citation omitted). The requests seek all documents enumerated above that relate to a specific Private Company Management Liability Policy issued to AM, as well as all documents associated with any Directors and Officers liability coverage policy issued by RSUI to AMc since 2015. The subpoena is facially overbroad, by way of example, in that it would require production of such items as applications, claims information, coverage information, premium information, and RSUI's premium and risk assessments, which are not relevant to any issue in the NRA lawsuit.

8.      The Court may also quash or modify a subpoena that requires disclosure of a trade secret or other confidential research, development, or commercial information. *See* FED. R. CIV. P. 45(d)(3)(B). Underwriting files for management liability policies typically include confidential financial information regarding the applicant and the insured. Such information is inappropriate for disclosure by RSUI. Underwriting files also include proprietary information regarding an insurer's underwriting guidelines, risk assessment, and premium calculation. Such information is not subject to disclosure to third parties

which have no need for such information. *See, e.g., Allen v. Howmedica Leibenger GmbH*, 190 F.R.D. 518, (D. Tenn. 1999); *Education Logistics, Inc. v. Laidlaw Transit, Inc.*, No. 3–11–MC–036–L–BD, 2011 WL 1348401 (N.D. Tex. April 8, 2011).

9.      For more practical reasons, if the NRA believes that it needs the management liability policy issued to AMc by RSUI, the NRA can request a copy from AMc through written discovery in in the NRA lawsuit.

10.      Finally, under Oklahoma federal law, a lawyer has a "duty to take reasonable steps to avoid imposing undue burden or expense upon the party subject to the subpoena." *Huntair, Inc. v. ClimateCraft, Inc.*, 254 F.R.D. 677, 679 (N.D. Okla. 2008). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include . . . reasonable attorney's fees—on a party or attorney who fails to comply." FED. R. CIV. P. 45(d)(1). In this instance, the NRA, through its counsel, did not take those "reasonable steps" and issued a subpoena that is wholly invalid on its face and is objectionable for a myriad of other reasons. RSUI was required to retain counsel to respond to this facially-invalid subpoena when the only potentially relevant document – the management liability policy issued by RSUI for the applicable policy year – could have been easily obtained by the NRA through discovery in the NRA Lawsuit. In quashing the subpoena, the Court should consider an award of attorney's fees to RSUI.

## CONCLUSION

For the reasons above, RSUI requests that the Court grant its motion; quash the subpoena issued to RSUI; and grant RSUI any other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

*/s/Linda Szuhy Ressetar*

_____
Linda Szuhy Ressetar
OBA No.  17905

J. Richard Harmon
Texas State Bar No.  09020700
Jo Allison Stasney
Texas State Bar No.  19080280

THOMPSON, COE, COUSINS & IRONS,
L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  214-871-8200
Telecopy:  214-871-8209

COUNSEL FOR RSUI INDEMNITY
COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Oklahoma. I further certify the foregoing document is being served on counsel for the NRA in the issuing court in the Northern District of Texas, Dallas Division.


*/s/Linda Szuhy Ressetar*

_____
Linda Szuhy Ressetar