IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RSUI INDEMNITY COMPANY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. MC-20-6-D |
| ) | |
| NATIONAL RIFLE ASSOCIATION ) | |
| OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is a Motion to Quash Subpoena [Doc. No. 1] filed by Movant RSUI Indemnity Company ("RSUI"). Respondent National Rifle Association of America ("NRA") has filed a response in opposition [Doc. No. 4]. The time to file a reply has expired; thus, the matter is fully briefed and at issue.

## BACKGROUND

The NRA sued Ackerman McQueen, Inc., and others in the United States District Court for the Northern District of Texas. *See NRA v. Ackerman McQueen, et al.*, CIV-19-2074-G (N.D. Tex.). During the course of discovery in that litigation, NRA served a subpoena on RSUI, the management liability insurer for Ackerman McQueen. [Doc. No. 1-1]. The subpoena seeks certain insurance policy documents associated with liability coverage issued to Ackerman McQueen or Mercury Group, Inc., by RSUI from 2015 or later. *Id*. RSUI has filed a motion to quash the subpoena, asserting that the subpoena is invalid on its face because it commands the production of documents outside the geographical limits of FED. R. CIV. P. 45(c). RSUI also asserts that the subpoena is

overbroad, seeks irrelevant and confidential information, and subjects RSUI to undue burden.  Because RSUI's first argument is dispositive, the Court need not address its remaining arguments.

## DISCUSSION

Rule 45(a)(2) of the Federal Rules of Civil Procedure requires a subpoena to issue from the court where the action is pending.  FED. R. CIV. P. 45(a)(2).  "A subpoena may command production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  FED. R. CIV. P. 45(c)(2)(A).  RSUI asserts that it is organized under the laws of New Hampshire, and has its principal place of business in Atlanta, Georgia.  In response, the NRA concedes it mistakenly included an address for production in Oklahoma City as opposed to an address in Atlanta, Georgia.  However, the NRA asks the Court, "in the interest of efficiency," to deny RSUI's motion to quash, asserting that RSUI can produce the documents electronically or by mail, without having to leave the office.  [Doc. No. 4 at 10].

Under Rule 45(d)(3)(A)(ii), the court for the district where compliance is required, on timely motion, "must quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)."  FED. R. CIV. P. 45(d)(3)(A)(ii).  Most courts agree that the district where compliance is required is determined by the location or place of compliance identified in the subpoena.  *See, e.g., Adams v. Symetra Life Ins. Co.*, Case No. MC-19-401-EFM-ADM, 2020 WL 489523, at *2 (D. Kan. Jan. 28, 2020) (citing *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) ("[F]or purposes of a Rule 45(d)(2) or 45(d)(3) motion, the court or district 'where the compliance

is required' is determined by the location or 'place' for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii).")); *see also In re SBN Fog Cap II LLC*, 562 B.R. 771, 775 (D. Colo. 2016) (concluding that the subpoenas in that case "plainly" required the production of documents at a location in New York; thus, New York was the place of compliance).

Here, the subpoena plainly requires production of documents at a location in Oklahoma City, Oklahoma. [Doc. 1-1 at 2]. Thus, this Court is the compliance court, and it may appropriately adjudicate the motion to quash. Oklahoma City is clearly outside the geographical limits imposed by FED. R. CIV. P. 45(c)(2)(A). Accordingly, the Court "must quash" the subpoena under FED. R. CIV. P. 45(d)(3)(A)(ii). *See* FED. R. CIV. P. 45 advisory committee's note to 2013 amendment ("Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c).").

Although the NRA contends that RSUI can produce the documents electronically or by mail without traveling, and that this fact circumvents the requirement of Rule 45(c)(2)(A), it provides no Tenth Circuit authority for that position. The Advisory Committee Note to the 2013 Amendments to Rule 45 states that "parties often agree that production, particularly of electronically stored information, be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements." The Court interprets this comment to mean that a subpoenaed third party can waive the 100-mile requirement by agreeing to transmit production by electronic means. Here, RSUI has not agreed to produce documents

3

electronically, but rather has filed a motion to quash and withheld production. Accordingly, because the subpoena exceeds the geographical limits of Rule 45(c), the Court must quash the subpoena pursuant to FED. R. CIV. P. 45(d)(3)(A)(ii).

## CONCLUSION

Based on the foregoing, RSUI's Motion to Quash Subpoena [Doc. No. 1] is **GRANTED**.

**IT IS SO ORDERED** this 21ˢᵗ day of July 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge